In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), entered November 21, 2002, which, inter alia, upon a determination of the value of his master electrician’s license, awarded the defendant the sum of $2,500 per month in maintenance for a period of five years, and $1,500 per month for an additional five years and awarded the defendant $16,000 annually for a period of 10 years as equitable distribution of the marital assets.
Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof directing the plaintiff *562 to pay the defendant the sum of $2,500 per month in maintenance for a period of five years and $1,500 per month for an additional five years and the fifth decretal paragraph. thereof awarding the defendant $16,000 annually for 10 years as equitable distribution; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County for further proceedings in accordance herewith.
We agree with the plaintiff that the Supreme Court impermissibly engaged in the “double counting” of income in valuing his master electrician’s license, which was equitably distributed as marital property, and in awarding maintenance to the defendant (see Grunfeld v Grunfeld, 94 NY2d 696 [2000]; McSparron v McSparron, 87 NY2d 275 [1995]). Here, the valuation of the plaintiff’s license involved calculating his projected future enhanced earnings. In valuing and distributing the value of the plaintiff s license, the court converted a certain amount of the plaintiff’s projected future income stream into an asset. However, the court also calculated the amount of maintenance to which the defendant was entitled based on the plaintiff’s total income, which must have included the excess earnings produced by his work. This was improper. “Once a court converts a specific stream of income into an asset, that income may no longer be calculated into the maintenance formula and payout” (Grunfeld v Grunfeld, supra at 705; see McSparron v McSparron, supra). Because the Supreme Court has discretion in the manner in which it is to avoid such double counting of income (see Grunfeld v Grunfeld, supra at 705-706), we remit the matter to the Supreme Court, Nassau County, to recalculate the maintenance and equitable distribution awards.
The plaintiff’s remaining contentions are without merit. Santucci, J.E, McGinity, Schmidt and Adams, JJ., concur.